350 So.2d 462 (1977)
David Ross DELAP, Appellant,
v.
STATE of Florida, Appellee.
No. 49166.
Supreme Court of Florida.
September 29, 1977.
Elton H. Schwarz, Public Defender, Stuart and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
We have for consideration the motion for new trial for inability to complete the trial transcript of David Ross Delap, who was convicted of murder in the first degree and sentenced to death by the Circuit Court in and for Okeechobee County.
Notice of appeal was filed with this Court from the final judgment of conviction and sentence of death. The trial judge entered an order for transcription of reporter's notes on May 25, 1976, directing the court reporter to transcribe and file his notes of the trial of the cause, beginning January 6, 1976, and ending January 10, 1976, but to exclude therefrom the voir dire examination of the jurors and the opening and closing statements of counsel. Thereafter, defendant filed a timely motion for supplementary transcription of the record requesting the trial court to direct the court reporter to transcribe his notes of the voir dire of the jury and closing arguments in both the trial and sentencing proceedings. On December 6, 1976, the trial court ordered the court reporter to transcribe the voir dire of the jury and closing arguments of counsel during trial and sentencing phases. A subsequent order was entered May 11, 1977, compelling the court reporter to file the transcript of the jury charge conferences, charge to the jury in both the trial and penalty phases, voir dire of the jury, *463 and closing arguments of counsel in both the trial and penalty phases, or to show cause why he should not be adjudged in contempt of court.
On June 11, 1977, the trial judge entered an order expressly stating:
"It further appears to the Court that no portions of the transcript of the jury charge conferences; charge to the jury in both the trial and penalty phases; voir dire of the jury; or closing arguments of counsel in both the trial and penalty phases regarding the trial of this cause have been filed with the Clerk as directed by said Order of May 11, 1977.
.....
"It further appears to the Court from inquiry of the State and the attorney for the defendant that it is impossible to reconstruct said portions of the record by stipulation or otherwise and that there appears to be no means of completing the requested record under Rule 3.7(1) Florida Appellate Rules.
.....
"In consideration of the foregoing it is, therefore,
"ORDERED AND ADJUDGED that the transcript of the jury charge conferences; charge to the jury in both the trial and penalty phases; voir dire of the jury; and, closing arguments of counsel in both the trial and penalty phases regarding the trial of the defendant herein be, and the same are hereby conclusively determined to be unavailable for inclusion in the record on appeal in this cause."
Since the full transcript of the proceedings requested by the defendant is unavailable for review by this Court, and since the omitted requested portions of the transcript are necessary to a complete review of this cause,[1] this Court has no alternative but to remand for a new trial of the cause.
Accordingly, this cause is hereby remanded to the trial court for new trial.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.
NOTES
[1] This Court has the mandatory constitutional duty to hear appeals from final judgments of trial courts imposing the death penalty. Art. V, § 3(b)(1), Fla. Const. Our review is of the entire record of the conviction and the sentence of death. § 921.141, Fla. Stat. (1975). Our own rule provides:

"Upon an appeal from the judgment by a defendant who has been sentenced to death the appellate court shall review the evidence to determine if the interests of justice require a new trial, whether the insufficiency of the evidence is a ground of appeal or not." Fla. App. Rule 6.16.
In the absence of a waiver, the defendant has the right to a complete review. Here, there was no waiver but, rather, an affirmative and timely request that the record be prepared for our use in performing our duty.