398 So.2d 1017 (1981)
Walter Franklin SAULSBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-457.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edward M. Chew and Evelyn D. Golden, Asst. Attys. Gen., Daytona Beach, for appellee.
DAUKSCH, Chief Judge.
The principal question for us to resolve in this appeal is whether the appellant sufficiently reserved for appeal the error of the trial judge in refusing to give the penalties instruction as required by Rule 3.390(a), Florida Rules of Criminal Procedure and Tascano v. State, 393 So.2d 540 (Fla. 1980).
The sequence of events is that appellant requested the instruction at an unrecorded instructions conference, the appellant put his objection on the record after the conference but before the charge to the jury but did not object to the failure of the court to give the instruction after the jury charge and before deliberations began. We *1018 deem the objection to have preserved the question for appeal.
Because our Supreme Court has required all cases which fall within the Tascano decision to be retried, we must reverse the conviction and remand this matter for a new trial.
While we deem the evidence in this case to be quite sufficient to convict the appellant thereby rendering the Tascano error to be really harmless, as in Gee v. State, 400 So.2d 466 (Fla.5th DCA 1981), another error would cause us to reverse for a new trial, anyway.
The prosecutor during voir dire of the jury set forth for the jurors a hypothetical question which essentially embodied the facts of the case against the accused, thus attempting to, and probably succeeding in, obtaining at least a tacit commitment from the jurors to convict. This is wrong and the trial judge should have granted the timely motion for mistrial. Dicks v. State, 83 Fla. 717, 93 So. 137 (1922).
REVERSED AND REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.