486 So.2d 614 (1986)
Hinton McClure WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-376.
District Court of Appeal of Florida, Fifth District.
March 6, 1986.
Rehearing Denied April 15, 1986.
*615 Kirk N. Kirkconnell of Muller, Kirkconnell & Lindsey, P.A., Winter Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a first degree murder conviction.
Appellant Waters and the deceased, John Henry Tramel, engaged in a brutal fight over the price of a tire repair the deceased had performed for appellant. During the fight appellant broke away from the deceased, took a .22 caliber semi-automatic rifle from his truck and fired three shots in rapid succession. The deceased was struck in the back by one of the shots mortally wounding him. The culpability of appellant was proved however tenuously and the jury returned a verdict of first degree murder.
On appeal appellant argues that during the jury selection and trial multiple errors were committed which prevented appellant from receiving a fair and impartial trial. We agree and reverse for a new trial.
Appellant alleges that the first error was committed during jury selection. The prosecutor attempted to elicit from the prospective jurors whether they had any preconceived notions as to premeditation and the time required to form the design to kill. The prosecutor defined premeditation as "killing after consciously deciding to do so" and "operation of the mind." The definition failed to include reflection, the integral second requirement for premeditation. Sireci v. State, 399 So.2d 964 (Fla. 1981), cert. den. 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). The trial court erred by allowing the prosecutor to follow this line of questioning over defense counsel's objection and permitted an improper definition of premeditation to form in the jury's mind.
During the trial the prosecutor used aerial views of the crime scene and permitted witnesses to point out the location of objects and persons. Since the appellant was shackled he could not move from counsel table. Twice appellant's counsel objected that appellant was unable to confront the witnesses and the evidence and the court allowed defendant to move while the jury was out of the room so that he could see. However, when the crime scene technician was returned to the stand the objection that appellant could not see was overruled. Appellant argues that by not permitting him to move to see what the technician was pointing out, appellant was prejudiced as he could not properly prepare his defense.
A defendant's presence is specifically required by Florida Rule of Criminal Procedure 3.180(a). Presence must be interpreted to mean that the defendant is allowed to view not merely hear the evidence against him. The primary purpose of the requirement that a defendant be present during trial is to allow the defendant to confront witnesses and the evidence against him. Without being able to actually see what the witnesses were testifying to the appellant was not permitted to adequately confront the witnesses and the evidence and prepare a cross examination. Significant restrictions on cross examination deprive a defendant of the right to confrontation and compel reversal. Blackwell v. State, 79 Fla. 709, 86 So. 224 (1920).
At trial one of the arresting officers testified as to a statement allegedly made by the appellant. The state does not contest the fact that this statement was not disclosed to the appellant prior to trial as required by Florida Rule of Criminal Procedure 3.220. Appellant argues that his defense was prejudiced by the surprise statement and that the error was not harmless because the prosecutor used the alleged statement to attack appellant's credibility in closing arguments. The trial court did not make an adequate Richardson inquiry as to whether the discovery violation was *616 willful, inadvertent, trivial or substantial. Clair v. State, 406 So.2d 109 (Fla. 5th DCA 1981). We agree with appellant that this was error.
During the trial the prosecutor improperly cross-examined the appellant as to appellant's prior conviction of a felony and whether as a convicted felon appellant knew he was not permitted to carry a gun. During final arguments the prosecutor repeatedly characterized defense counsel's closing arguments as misleading and a smoke screen. Although there was not contemporaneous objection to these last two violations, they are not harmless errors and only serve as additional reasons appellant was not given a fair and impartial trial. The extent of the prosecutor's overreaching cannot be ignored and should not be repeated during retrial.
REVERSED and REMANDED for new trial.
UPCHURCH, J., concurs.
COWART, J., dissents without opinion.