543 So.2d 420 (1989)
Earl RENNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-970.
District Court of Appeal of Florida, Fifth District.
May 18, 1989.
*421 James B. Gibson, Public Defender, and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dee R. Ball, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Earl Renney, was convicted of sexual activity with a child by a person in familial authority. Under Keen v. State, 504 So.2d 396 (Fla. 1987), Renney seeks a new trial because of the prosecutor's inflammatory and prejudicial questions permitted during trial and voir dire over repeated objections.
It would serve no purpose to exhaustively catalog all of the prosecutorial improprieties complained of below. During voir dire questioning, the prosecutor lectured the jurors on the burden of proof and the meaning of reasonable doubt, concluding with a request that the jury commit to a finding of guilt "if we prove every element of the crime, but don't prove one particular fact." The defense objected to the prosecution instructing on the law and attempting to solicit promises from the jury, thereby abusing voir dire examination. See Smith v. State, 253 So.2d 465 (Fla. 1st DCA 1971). This objection was summarily overruled. The prosecutor then proceeded to expound on his understanding of the meaning of the phrase "shadow of a doubt." The court sustained the defense objection that argument during voir dire was improper, but the prosecutor then proceeded to explain to the jury his concept of reasonable doubt, and then asked each prospective juror to individually commit to a guilty verdict if the state proved its case. The trial court did not respond to the defense objection to this tactic by the prosecutor. Here, the questions during voir dire, although less egregious, are similar to those found in Saulsberry v. State, 398 So.2d 1017 (Fla. 5th DCA 1981) where the prosecutor set forth a hypothetical question embodying the facts of the case and sought from the jury a tacit commitment to convict. Saulsberry at 1018. We held the trial judge erred by failing to grant a timely motion for mistrial.
In addition to the improper questioning during voir dire, the prosecutor was allowed to elicit from Renney that he had been married three times to young wives and, therefore, appeared to like young girls in budding sexual development. Defense counsel's objections and motion for mistrial in response to this inflammatory questioning were overruled and denied. The prosecutor was also allowed to question the defendant about his wife's purported addiction to moonshine whiskey, which was irrelevant to the issues. These attacks on the defendant's character were improper, and the objections to them should have been sustained. See Hodges v. State, 403 So.2d 1375, 1376 (Fla. 5th DCA), review denied, 413 So.2d 877 (Fla. 1982).
*422 The outcome of the trial below turned primarily on assessment of the credibility of the defendant and the alleged victim rather than on physical evidence. Given the cumulative effect of the improper questioning by the prosecutor, which was allowed by the trial court, we find that these errors deprived Renney of a fair trial. State v. DiGuilio, 491 So.2d 1129, 1138-1139 (Fla. 1986).
REVERSED AND REMANDED FOR NEW TRIAL.
DAUKSCH and DANIEL, JJ., concur.