## HAMILTON v STATE OF FLORIDA

### Case No. 89-0033-AC A02 (County Court Case No. 86-99158-TT A02)

Fifteenth Judicial Circuit, Palm Beach County

March 29, 1990

### APPEARANCES OF COUNSEL

**Cherry Grant, Esquire,** Assistant Public Defender, for appellant.

**Robert S. Jaegers, Esquire,** Assistant State Attorney, for appellee.

Before CARLISLE, COLBATH, COHEN, JJ.

CARLISLE, J.

The issues raised in this appeal are the accident report privilege and the propriety of appellant's arrest. A portion of Officer McCauley's trial testimony was lost by the court reporter. The record begins in the middle of Officer McCauley's direct examination.

Appellant has filed a Motion to Reverse for Lack of a Complete Record. When a full transcript of trial proceedings requested by the defendant is not available, through no fault of the defendant, *and the appellate court determines that the missing portions of the transcript are necessary for a complete review of the issues raised on appeal,* the appellate court has no alternative but to remand the case for a new trial, *Lipman v State,* 428 So.2d 733, *Delap v State,* 350 So.2d 462. We have considered the issues raised on appeal and read the entire transcript and it is our conclusion that the missing portions do not impair a complete review.

The facts are that appellant's Lincoln rear-ended a Toyota. The three passengers in the Toyota testified that appellant got out of the Lincoln on the driver's side, his speech was slurred and he smelled of alcohol. At first he was solicitous as to their welfare and offered to pay for any damages. The police arrived approximately 5 minutes after the accident. At that point appellant's demeanor changed and he became uncooperative with the officers. He was angry and was cursing. He stated that he was not going to jail and was not going to sign any ticket. He insisted upon standing in the roadway in the face of oncoming traffic and refused to move to the side of the road. The passengers observed drink glasses in the Lincoln. They also testified that prior to the officers' arrival he donned a neck brace and began to walk with a cane.

Officer Hartman testified that there was a strong odor of alcohol and appellant's speech was profoundly slurred. He was obnoxious and uncooperative. There was a strong odor of alcoholic beverage inside appellant's car and he observed the plastic glass. Officer Hartman completed the accident report but did not make any arrest or issue any traffic citation.

The transcript of Officer McCauley's testimony begins at some point during his direct examination. He begins by testifying how appellant refused to get out of the street and told him "You have no right to tell me what to do." Appellant also denied driving the car. Officer McCauley testified that he smelled alcohol and arrested appellant for obstructing an officer. Having his hands full with appellant he turned the

**15**

investigation over to Officer Hartman and transported appellant to the police department where he was advised of his Miranda rights. Appellant refused the breathalyzer test.

Appellant testified that the truck stopped in front of him on a green light and he hit it. He testified that he was abused by the driver of the truck; that his neck hurt after the accident so he took two Percodans. There was no water in the car but, as luck would have it, he happened to have a glass of Scotch so he swallowed the pills with three to four ounces of Scotch.

It does not matter who filled out the accident report, or who issued the traffic citations, or who made the arrests. Officer McCauley had probable cause to arrest for obstructing an officer as well as DUI. There is no requirement that an officer observe a defendant driving in order to arrest him for DUI. No privileged testimony was ever offered in this case. Everything the officers testified to they observed with their own eyes. Even assuming Officer McCauley had testified to privileged matters under the Accident Report Statute, given the overwhelming evidence in this case, it would constitute at best harmless error.

The Motion to Reverse is denied and this appeal is dismissed as being frivolous.

COLBATH, J., concur.

---

I would remand to the trial court to reconstruct the record before taking any further action.

COHEN, J., dissent.