645 So.2d 42 (1994)
Richard VELEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0419.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
Rehearing Denied December 15, 1994.
*43 Frank A. Kreidler, Lake Worth, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant, Richard Velez, appeals from convictions for kidnapping with a weapon, attempted robbery, and first degree murder. Appellant raises ten issues on appeal. Nine of the issues raised are without merit and, consequently, the convictions are affirmed on those points without discussion. The remaining point relates to a portion of the record that is unavailable through no fault of appellant. The convictions are also affirmed as to this point, as set forth below.
This case involves the murder of Patrick Grogan (Grogan), which occurred at Grogan's apartment. Appellant and his codefendants had arrived at the apartment during a party and remained after the rest of the guests left. Grogan died as a result of a severe beating. The medical examiner testified that the cause of death was a combination of factors, including blunt trauma to the head that fractured Grogan's jaw, causing profuse bleeding and resulting in aspiration. Appellant confessed to his participation, and his taped confession was played at trial. There was also significant and substantial corroborating evidence. Appellant's theory of defense was that Grogan had made a homosexual advance toward codefendant Amento that evening, and appellant was defending Amento.
Appellant claims that this case must be reversed because a portion of the trial transcript is missing, thus precluding a meaningful appeal. Appellant, who is represented on appeal by his trial counsel, alleges that three errors occurred during the portion of voir dire which is now unavailable due to the loss of the court reporter's notes. Attempts at reconstruction were unsuccessful. First, appellant contends that he was foreclosed from pursuing further follow-up questions in open court regarding bias or favoritism towards homosexuality or bisexuality. Second, appellant contends that the state asked the jurors a question about premeditation that may have permitted an improper definition of premeditation to form in the jurors' minds. Third, appellant contends that the state asked questions of the jury panel asking them to commit to a guilty verdict.
Most of the voir dire appears in the transcript. Jury selection began with the trial court conducting in chambers an individual voir dire of each prospective juror to inquire as to whether the juror's feelings about homosexuality would impair the juror's ability to be fair and impartial in the case. After this chambers voir dire, both the state and appellant were given the opportunity in open court to question the jury panel. Appellant asserts that the unavailable portion of the record consists of some of the state's group questions to the jurors and a part of appellant's group questions to the jurors. The lawyers' exercise of challenges in the selection of the jury is recorded, as is the swearing *44 of the panel without objection from appellant's counsel.
In Delap v. State, 350 So.2d 462 (Fla. 1977), the supreme court addressed the failure to have a complete transcript in a death penalty case. A considerable portion of the record was unavailable through no fault of the defendant. After attempts at reconstruction, the trial court determined that the record was impossible to reconstruct. The unavailable portions of the transcript consisted of the charge conferences, charge to the jury in the trial and penalty phase, voir dire of the jury, and closing arguments in both the trial and penalty phase. Id. at 463. The court held that since the defendant requested a full transcript of the proceedings which was unavailable and the omitted requested portions were necessary for a complete review, a remand for a new trial was necessary. Id. In a footnote the court referred to its mandatory duty to hear appeals in death penalty cases and the requirement of complete review with an adequate transcript.
Appellant contends that Delap requires reversal when any part of a transcript is missing. However, not all omissions of transcript result in reversal for a new trial. See Gaskin v. State, 591 So.2d 917, 920 (Fla. 1991), cert. granted and vacated on other grounds, ___ U.S. ___, 112 S.Ct. 3022, 120 L.Ed.2d 894 (1992); Bruno v. State, 574 So.2d 76, 81 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 112, 116 L.Ed.2d 81 (1991). The question to be asked is whether the portions are necessary for a complete review.
In White v. State, 939 F.2d 912, 914 (11th Cir.1991), cert. denied, White v. Singletary, ___ U.S. ___, 112 S.Ct. 1274, 117 L.Ed.2d 500 (1992), defendant alleged that he was denied meaningful review on direct appeal because the appellate court reviewed an incomplete transcript. The Eleventh Circuit held that since defendant failed to demonstrate how the defective transcript prejudiced his direct appeal, he was not entitled to relief on the claim. In a footnote the court explained that when a portion of the transcript is unavailable and the defendant is represented by the same attorney at trial and on appeal, reversal is not required absent a showing of hardship to the defendant and a prejudicial effect upon his appeal. Id. at n. 4; see also United States v. Selva, 559 F.2d 1303, 1305 (5th Cir.1977).
We conclude that the missing portions of the record here are not necessary for a full review because the matters raised as error may be disposed of as a matter of law. As to appellant's allegation that the state asked the jurors to commit to a guilty verdict if the state proved its case, appellant relies on Renney v. State, 543 So.2d 420 (Fla. 5th DCA 1989), for support. However, Renney involved multiple prosecutorial improprieties during voir dire, not just one comment. Moreover, even if we assume the state made such a request of the jury, our full review of the record convinces us that any such error was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1138-1139 (Fla. 1986).
Appellant alleges that error was also committed when the state attempted to elicit from the prospective jurors whether they had any preconceived notions about premeditation which the prosecutor defined as "killing after consciously deciding to do so" and "operation of the mind" of all or each of the defendants. He contends that the state's definition did not embrace reflection and permitted an improper definition to form in the jurors' minds, relying upon Waters v. State, 486 So.2d 614 (Fla. 5th DCA), rev. denied, 494 So.2d 1153 (Fla. 1986), for support. Again, in light of the available record, which consists of all of the evidence presented, arguments and jury charges, including proper instruction on premeditation as well as felony murder which was also supported by the evidence in the case, any alleged error was harmless beyond a reasonable doubt. See DiGuilio, 491 So.2d at 1138-1139.
Finally, appellant contends that he was foreclosed from pursuing further follow-up questions regarding bias or favoritism towards homosexuality or bisexuality. The available record reveals that the court conducted extensive individual voir dire in chambers on the topic. During the individual voir dire, the court allowed questions by both appellant's counsel and the state. Appellant had ample opportunity during individual voir *45 dire to ask specific follow-up questions and did so without objection or limitation. Even if the court had precluded further questioning of the panel as a whole after the individual questioning, this would have been within the court's discretion once the judge had given counsel the opportunity to explore the issues on individual voir dire. Therefore, appellant has failed to demonstrate how the deficient record has prejudiced him on this point. See White, 939 F.2d at 914.
Considering the limited portion of transcript which is missing and the errors alleged to have occurred in the trial court, we conclude that appellant has not been prejudiced in the review of his conviction and sentence, that no harmful error occurred in jury selection, and that the lack of transcript of the missing portions of voir dire does not compel reversal.
Accordingly, the judgment of conviction is affirmed.
WARNER and PARIENTE, JJ., and SMITH, FREDRICKA G., Associate Judge, concur.