WHATLEY, Judge.
The appellant, Faye Anner Mitchell, pled no contest to charges of possession of cocaine and possession of drug paraphernalia after her motion to suppress the evidence against her was denied. She now contends her trial counsel was ineffective for failing to reserve her right to appeal the denial of her motion to suppress and that condition four of the written probation order was improperly imposed. While we find that Mitchell’s claim of ineffective assistance is not cognizable on direct appeal, we agree that a portion of probationary condition four was improperly imposed.
Mitchell argues that, pursuant to Loren v. State, 601 So.2d 271 (Fla. 1st DCA 1992), her claim of ineffective assistance of counsel is cognizable on direct appeal because such ineffectiveness is demonstrated on the face of the record. A review of the record, however, reveals no explanation whatsoever for Mitchell’s failure to reserve the right to appeal the denial of her motion to suppress. In fact, the written plea form, which is signed by Mitchell, indicates she understood she was waiving her right to appeal without express reservation of such. Mitchell also stated at her hearing that she had no trouble understanding the plea form she signed. Since there is no demonstration of ineffective assistance on the face of the instant record, we conclude that this issue is not properly before us. See Kelley v. State, 486 So.2d 578, 585 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986); Lewis v. State, 570 So.2d 346 (Fla. 2d DCA 1990); Loren, 601 So.2d at 272-73, and cases cited therein.
Further, Mitchell was adjudicated guilty for each of the offenses involved herein and was then sentenced to eighteen months’ probation. Condition four of the written probation order provides: “You will not possess, carry or own any firearms. You will not possess, carry or own any weapons without first procuring the consent of your [probation] officer.” Mitchell claims condition four was improperly imposed because it was not orally pronounced by the trial court at sentencing.
The first portion of condition four prohibits Mitchell from possessing a firearm. Since that condition merely proscribes conduct which Mitchell, as a convicted felon, is already legally prohibited from engaging in pursuant to section 790.23(1), Florida Statutes (1993), such condition “is a general condition that is valid and need not have been pronounced in open court.” Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994).
On the other hand, the remaining portion of condition four prohibits Mitchell from being in possession of any weapon — or, perhaps, anything that can be construed as a weapon. Since that prohibition constitutes a special condition which was not orally pronounced in open court, Mitchell was denied “the opportunity to object to its imposition.” Tomlinson, 645 So.2d at 1-2; and cases cited therein. Such special condition was, therefore, improperly imposed. Id.
Based on the foregoing, that portion of condition four prohibiting Mitchell from being in possession of any weapon is stricken. Mitchell’s judgment and sentence, however, is affirmed in all other respects.
Accordingly, the instant cause is affirmed in part and stricken in part.
DANAHY, A.C.J., and CAMPBELL, J., concur.