669 So.2d 353 (1996)
Andre H. ROZIER, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-688.
District Court of Appeal of Florida, Third District.
March 13, 1996.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Paulette R. Taylor, Assistant Attorney General, for appellee.
Before NESBITT, COPE and GERSTEN, JJ.
PER CURIAM.
Andre H. Rozier appeals his convictions of burglary of a conveyance, grand theft, and possession of burglary tools. We vacate the convictions and remand for a new trial.
The court reporters involved have certified that the notes from the voir dire portion of the trial are lost and accordingly, no transcript of that part of the trial was prepared. This court appointed the Honorable Gerald J. Klein as Commissioner to inquire into the circumstances. After conducting a hearing, Judge Klein reported that the voir dire transcription notes could not be located and that the voir dire portion of the trial could not be reconstructed. He therefore recommended that a new trial be awarded.
The State argues that a sufficient record for appellate review can be obtained based on the trial minutes of jury selection. In this case peremptory challenges were exercised by both sides. We have carefully considered the State's argument, but conclude that the trial minutes do not contain sufficient detail to allow meaningful appellate review. We agree with the recommendation of Judge Klein, and order a new trial. See Fairell v. State, 662 S.2d 428 (Fla. 3d DCA 1995); Jackson v. State, 308 So.2d 600 (Fla. 3d DCA 1975); see also Delap v. State, 350 So.2d 462 (Fla.1977).
In the event that defendant is convicted upon retrial, we point out that any resentencing must be within the legal maximum. The State concedes that defendant's twelve-year sentences as a habitual offender exceed the applicable ten-year legal maximum for third degree felonies. See § 775.084, Fla.Stat. (1989).
Reversed and remanded.