775 So.2d 306 (1999)
John Curtis IVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03925.
District Court of Appeal of Florida, Second District.
January 13, 1999.
*307 Loren D. Rhoton of Giordano & Rhoton, P.A., Tampa for Appellant.
PER CURIAM.
John Ivey challenges the trial court's denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm that portion of the order which addresses the allegation of trial counsel's ineffectiveness during resentencing following this court's mandate in Ivey v. State, 633 So.2d 530 (Fla. 2d DCA 1994). We reverse the denial of Ivey's claim attacking counsel at the time he initially entered his plea to the crimes for which he stands convicted.
Ivey asserted in his motion that his trial counsel assured him that by entering a plea to the charges, the trial court would sentence him to a term of years for which he would eventually be eligible for release. The life sentence which followed the entry of the plea, and which he still carries after being resentenced, does not comport with counsel's alleged promise. The trial court summarily denied this claim, concluding that it was procedurally barred because Ivey had raised the question, or variations of it, on direct appeal. In support of this proposition, the order of denial references, by attachment, a statement of judicial acts to be reviewed filed by counsel.
This document fails to refute Ivey's claim for a variety of reasons. First, a trial attorney's recitation of judicial acts to be reviewed frequently bears no resemblance to the questions actually raised on appeal. Second, the only issue identified in this document is stated simply as "resentencing," and does not hint at any accusations of trial counsel's failings. Third, allegations of ineffectiveness of counsel not apparent from the record must be raised by collateral motion and not on plenary review, and claims based upon off-record conversations between counsel and client, such as Ivey's, are especially unsuitable for review on direct appeal. See Mitchell v. State, 654 So.2d 950 (Fla. 2d DCA 1995). And, fourth, this document references an appeal from resentencing taken several years after the plea in question was entered, and does not pertain to the judgment under attack.
A criminal defendant's guilty plea is involuntary if it is induced by defense counsel's promises which are not fulfilled. See Ricardo v. State, 647 So.2d 287 (Fla. 2d DCA 1994). Should Ivey's sworn claim be sustained after an evidentiary hearing, he will be entitled to withdraw the plea. On remand, the trial court may again deny the motion without such a hearing if record attachments affirmatively refute Ivey's allegation.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and THREADGILL and CASANUEVA, JJ., Concur.