766 So.2d 293 (2000)
Paul BURGESS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-1356.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Richard L. Jorandby, Public Defender, and Bernard S. Fernandez, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm appellant's convictions for aggravated assault and battery and write to address one issue raised on appeal.
The court reporter's notes from the voir dire portion of the trial were destroyed by Hurricane Georges. The trial court held a hearing in an attempt to reconstruct the voir dire portion of the transcript. The court concluded "that the record has been reconstructed to [an] extent," which was that 1) "the defendant testified that two jurors wanted to hear what he had to say;" 2) the trial judge instructed the jury that the defendant had the right to remain silent; and 3) the jurors indicated that they were able to follow the law.
This case is controlled by Velez v. State, 645 So.2d 42 (Fla. 4th DCA 1994). Velez argued that three errors occurred during voir dire for which a transcript was unavailable, due to the loss of the court reporter's notes. Attempts to reconstruct *294 this portion of the transcript were unsuccessful, but most of the voir dire and the trial were available. In affirming the conviction, this court observed that "not all omissions of transcript result in reversal for a new trial." Id. at 44 (citations omitted). The court identified the central issue as whether the missing portions of the transcript "are necessary for a complete review" of the case. Id. Because the matters raised by the defendant in Velez could be disposed of as a matter of law, this court found that the missing portions of the transcript were not necessary for a full review of the case.
In this case, appellant has not identified any prejudicial error that occurred during the voir dire, in spite of testifying at the hearing that he had "an accurate recollection of what happened during the voir dire." Appellant states in his brief that two jurors wanted to hear him testify and that the trial judge "instructed the panel on Appellant's right not to testify." Appellant does not contend that the trial court incorrectly instructed the jurors. Appellant does not argue that he was forced to accept any juror who said that he or she would like to hear him testify. Appellant used only two of the six peremptory challenges he had available; any objection to a failure to excuse jurors for cause was not preserved. E.g., Kearse v. State, 662 So.2d 677, 683 (Fla.1995) (finding that in order to preserve challenge for cause "a defendant must exhaust all peremptory challenges.") (citation omitted). Unlike Delap v. State, 350 So.2d 462 (Fla.1977), this was not a first degree murder case involving imposition of the death penalty, where the supreme court has a constitutional duty to review the entire record of the conviction and the sentence of death.
AFFIRMED.
WARNER, C.J., STEVENSON and GROSS, JJ., concur.