766 So.2d 443 (2000)
Lester ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3254.
District Court of Appeal of Florida, Fourth District.
August 30, 2000.
Richard L. Jorandby, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
Appellant, who was convicted after a twelve day trial and is in custody, filed his notice of appeal in September, 1998. After obtaining a number of extensions of time, the court reporter filed what she represented to be a complete transcript, but counsel for appellant discovered that the testimony of two witnesses for the state and the jury charge had not been included. This court then entered an order to show cause as to why the court reporter, Linda Superior, who was provided by Esquire Deposition Services, Inc., to report the trial in this case, should not be held in contempt for failure to file a complete transcript.
After Superior appeared at a hearing before this court, this court entered an order, stating in part:

*444 At the hearing on the order to show cause, the Public Defender and the Assistant Attorney General noted that the testimony of two witnesses and the jury charge given by the court were not transcribed. Ms. Superior testified that her notes of the two witnesses, Tate and Datz, were accidentally thrown away by her mother who has Alzheimer's disease. She did not have a satisfactory explanation as to why the jury charge was not transcribed, and from her testimony and the testimony of Jennifer Gaul of Esquire Deposition Services, the court concludes that there is no explanation other than the court reporter's inattention and negligence in taking down the testimony at trial as to the missing charge.
The Public Defender and Assistant Attorney General both agree that before this court reverses this case, because the transcript is incomplete, see Delap v. State, 350 So.2d 462 (Fla.1977), the state should be afforded an opportunity to determine whether the missing portions of the transcript can be reconstructed so that the transcript is considered sufficient for appellate review. Both parties have noted that the missing testimony and charge conference are essential to an appeal....
The Court relinquishes jurisdiction to the original trial court judge, Judge Robert Carney to determine whether the missing portions of the record, namely the testimony of the two witnesses and the jury charge, can be adequately reconstructed. Because this case has already been pending on appeal for over a year and a half, without the record being complete, this Court is limiting the relinquishment period to 30 days from this order.
Pursuant to our order, the trial court conducted a hearing and found that it was "impossible to reconstruct the missing testimony of the state's key witness co-defendant Tate and the fingerprint examiner Datz." The trial court also observed that there were extensive objections during the testimony of those witnesses which could not be reconstructed.
The state is in agreement with the appellant that a new trial is required under Delap. We therefore reverse the conviction and remand for that purpose.
WARNER, C.J., KLEIN and TAYLOR, JJ., concur.