780 So.2d 218 (2001)
Richard A. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-4658.
District Court of Appeal of Florida, Second District.
February 9, 2001.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kimberly Nolen Hopkins, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Richard A. Jones appeals his convictions for resisting arrest without violence and drug possession. Jones argues that a new trial is warranted because, through no fault of his, a complete transcript of the proceedings is unavailable. We agree. Accordingly, we reverse and remand for a new trial.
Jones was convicted after a one-day jury trial. Due to problems experienced by the court reporter, the transcript reported the bench conferences as inaudible, the defense closing arguments appear incomplete, and the State's closing argument is completely missing. Although this court relinquished jurisdiction for reconstruction of the missing portions of the trial record pursuant to Florida Rule of Appellate Procedure 9.200(b)(4), the trial court concluded that it was impossible to do so with any accuracy.
Florida Rule of Judicial Administration 2.070(b) requires reporting of all criminal proceedings. On appeal, Jones' appellate counsel argues that without a complete transcript he cannot properly represent his client nor can he adequately present issues to this court for review. Jones is thereby prejudiced through no fault of his own.
[W]here a full transcript of trial proceedings is requested by a defendant but is not available for review, through no *219 fault of the defendant's, and the appellate court determines that the missing portions of transcript are necessary for a complete review of the issues raised on appeal, the appellate court has no alternative but to remand the case for a new trial.
Lipman v. State, 428 So.2d 733, 737 (Fla. 1st DCA 1983) (citing Delap v. State, 350 So.2d 462, 463 (Fla.1977)). See also McKenzie v. State, 754 So.2d 851 (Fla. 2d DCA 2000) (remanding for new trial based on inadequate transcript). The State argues that no issue has been raised on appeal regarding, for example, the State's closing argument. But the absence of a complete transcript has precluded appellate counsel from evaluating this portion of the trial for error. As the Third District held when rebuttal testimony was missing and could not be reconstructed, "we do not know, and are not capable of knowing, whether any reversible error was committed during" the unreported portion of the trial. Blasco v. State, 680 So.2d 1052, 1053 (Fla. 3d DCA 1996) (reversing because reconstructed record was insufficient to provide meaningful appellate review).[1]
The State also points out that not all transcript omissions require a new trial. See, e.g., Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994) ("Considering the limited portion of transcript which is missing and the errors alleged to have occurred in the trial court, we conclude that appellant has not been prejudiced in the review of his conviction and sentence, that no harmful error occurred in jury selection, and that the lack of transcript of the missing portions of voir dire does not compel reversal."). The pertinent question is whether the missing portion is necessary for a complete review.
In this case, we conclude that the State's closing argument is necessary, and its omission compels us to grant a new trial. Cf. Craig v. State, 510 So.2d 857 (Fla.1987) (holding that a new sentencing proceeding in a capital case was not required when the record lacked a verbatim transcript of the prosecutor's closing argument but contained a reconstructed version of the argument that was approved by the circuit court). Improper closing argument, standing alone, can be grounds for reversal. See, e.g., Palazon v. State, 711 So.2d 1176 (Fla. 2d DCA 1998). See also Lipman, 428 So.2d 733 (reversing based on prosecutor's improper closing argument; also reversing due to incomplete transcript). Jones is prejudiced by the incomplete transcript because his appellate attorney is incapable of reviewing the State's closing argument to determine the presence or absence of reversible error. Jones is not represented on appeal by trial counsel. Cf. Velez, 645 So.2d at 44 (affirming despite omissions in voir dire transcript where defendant was represented on appeal by trial counsel and court determined that assigned errors were harmless as a matter of law). We do not speculate that error occurred, but we have no reconstructed record or stipulation to show that such error did not occur. See Blasco, 680 So.2d at 1053. Because this state of affairs exists through no fault of Jones, we reverse.
Reversed and remanded for new trial.
PATTERSON, C.J., and THREADGILL, J., Concur.
NOTES
[1] The State argues that closing argument was not assigned as error by trial counsel. But the Statement of Judicial Acts to be Reviewed lists "Overruling of objection to prejudicial comment," which could refer to a closing argument issue. Furthermore, this court has noted that "a trial attorney's recitation of judicial acts to be reviewed frequently bears no resemblance to the questions actually raised on appeal." Ivey v. State, 775 So.2d 306, 307 (Fla. 2d DCA 1999) (reversing summary postconviction denial that was based on statement of judicial acts).