ON MOTION FOR REHEARING
PER CURIAM.
We deny the state’s motion for rehearing, but withdraw our original opinion and substitute the following revised opinion.
Eldred Lewis was convicted of robbery following a jury trial and was sentenced to a thirty-year prison term. He timely appealed his conviction and sentence. The public defender filed both a motion to withdraw and a brief under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there were no arguable issues for appeal. We found the record on appeal to be insufficient to allow the type of independent appellate review required by In re Anders Briefs, 581 So.2d 149 (Fla.1991), and on February 10, 2000, we ordered the record supplemented with the missing transcripts and pleadings.
After entering numerous additional orders to supplement the record, several crucial transcripts remained missing. This court relinquished jurisdiction to the circuit court on January 24, 2001, for the purpose of conducting a proceeding to determine whether a complete record could be either obtained or reconstructed. A supplemental record was filed, but the record on appeal remains incomplete.
Without the missing transcript, this court cannot fulfill its obligation to conduct a complete and independent review of the record as required by Anders. See Delap *919 v. State, 350 So.2d 462 (Fla.1977)(missing portions of the record prevented the supreme court from conducting the complete review required in death penalty cases). We reverse Lewis’ conviction and sentence. Since the transcript of the hearing on Lewis’ pretrial motion to suppress is incomplete, the circuit court must also conduct a new hearing on that motion.
FARMER, TAYLOR and HAZOURI, JJ., concur.