PER CURIAM.
In this appeal, appellant claims that the prosecutor’s reference to Mother’s Day in closing argument was improper and prejudicial, and the court erred in overruling his objection. Here, the appellant was on trial for attempted murder of his mother, and the trial concluded on the Friday before Mother’s Day. While we agree that the court should have sustained an objection when the prosecutor referred to Mother’s Day in closing argument, we conclude that this one comment was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
As to the contention that appellant was denied his right to a full appeal by transcripts filled with inaudible portions, we affirm, as the transcript when reconstructed was sufficient to determine what objections to evidence were made and the rulings thereon. While there were still inaudible phrases, the inaudible portions do not prevent a complete review of the issues presented. See Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994).[1]
Affirmed as to all issues.
WARNER, GROSS and HAZOURI, JJ., concur.

. This transcript was prepared from an audiotape of the proceedings. When inaudible portions were noted in the original transcript, appellant moved to reconstruct the record and the transcriber prepared a second transcript in which most of the inaudible phrases were reconstructed. Although it was not necessary in this case, another source of reconstruction would be to ask the attorneys what they said at the hearing. The attorneys themselves may be best able to decipher their own comments. This is particularly true where, as in this case, the “inaudible" portion occurred when the court asked whether the attorneys objected to the instructions as read.