870 So.2d 904 (2004)
Cedrick JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3810.
District Court of Appeal of Florida, Fourth District.
April 14, 2004.
Rehearing Denied May 13, 2004.
Carey Haughwout, Public Defender, and Iva K. Oza and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, C.J.
The voir dire transcript in this criminal appeal is not available because of a computer error. We therefore granted defendant's motion to relinquish jurisdiction to the trial court to reconstruct the record, if possible. Being fully advised, the trial court found the record could not be reconstructed, but noted that defendant had used only three peremptory challenges.
Defendant argues that a new trial must be granted as a matter of law because the record is incomplete and his appellate counsel is therefore unable to determine whether any prejudicial errors occurred during jury selection. Jones concedes he "does not know if errors occurred in voir dire." The State argues that Burgess v. State, 766 So.2d 293 (Fla. 4th DCA 2000), governs the outcome of this issue on appeal.
In Burgess, we relied on our earlier holding in Velez v. State, 645 So.2d 42 (Fla. 4th DCA 1994), and denied a new trial because defendant had "not identified any prejudicial error that occurred during the voir dire." 766 So.2d at 293-94. We explained:

*905 "Appellant does not contend that the trial court incorrectly instructed the jurors. Appellant does not argue that he was forced to accept any juror who said that he or she would like to hear him testify. Appellant used only two of the six peremptory challenges he had available; any objection to a failure to excuse jurors for cause was not preserved. E.g., Kearse v. State, 662 So.2d 677, 683 (Fla.1995) (finding that in order to preserve challenge for cause "a defendant must exhaust all peremptory challenges.") Unlike Delap v. State, 350 So.2d 462 (Fla.1977), this was not a first degree murder case involving imposition of the death penalty, where the supreme court has a constitutional duty to review the entire record of the conviction and the sentence of death."
766 So.2d at 294. We should add that the facts as to this issue, and the argument, in Burgess are indistinguishable from this case.
Appellate counsel for defendant urges that we adopt a categorical rule. Her contention is that the State has a duty to furnish a complete transcript, in order that review of criminal convictions can be meaningful. She further contends that appellate counsel should not be bound by trial counsel's inability to recall whether there was any arguable error in the selection of a juryi.e., that defendant should not have to show that the omission disables him from arguing a specific, identifiable claim of error. In short counsel contends:
"[t]o the extent that Burgess and Velez can be read to require appellant to show prejudicial error occurred in a part of the proceedings for which no appellate record exists, they must be wrongfully decided."
Reply Brief, at 10.
As it happens, however, we are not free to adopt the rule counsel urges. In Darling v. State, 808 So.2d 145 (Fla.2002), a death penalty casewe pointedly note the supreme court relied on our Velez holding to deny a defendant's claim that the absence of certain pretrial hearing records preclude meaningful review. Darling emphasizes that the failure to demonstrate a specific prejudice made this claim insufficient. 808 So.2d. at 163.
Under existing law by which we are bound, defendant has failed to demonstrate that the missing portions of the transcript are necessary for meaningful review of a specific, identifiable issue in his appeal. It is not enough to say that as a result of the omission we do not know whether any error occurred, and therefore a new trial is required. A new trial would be required under Darling-Burgess-Velez only if Jones could point to a specific decision by the trial judge that he would use to show reversible error.
We affirm on all other issues as well.
GUNTHER and GROSS, JJ., concur.