902 So.2d 166 (2004)
Osberto DeJesus VARGAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1585.
District Court of Appeal of Florida, Third District.
December 29, 2004.
Rehearing and Rehearing Denied June 10, 2005.
Bennett H. Brummer, Public Defender and Robert Kalter, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Meredith L. Balo, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY, J., and ORFINGER, MELVIN, Senior Judge.
Rehearing and Rehearing En Banc Denied June 10, 2005.
SCHWARTZ, Chief Judge.
Based on the facts that the court reporter's notes of the voir dire examination were destroyed by fire and that the trial judge has certified that the proceedings cannot adequately be reconstructed notwithstanding a full hearing conducted in an attempt to do so, the defendant, claiming that he has thus been deprived of the right to adequate appellate review, has moved for a new trial. See A.B. v. State, 816 So.2d 1269 (Fla. 3d DCA 2002). Even though he has been unable, either at the hearing below or on appeal, to identify even a potential source of reversible error in the conduct of the voir dire and instead relies only on the fact that the possibility that one occurred cannot be totally eliminated in the absence of an appropriate record,[1] we grant the motion and hereby order a new trial.
We consider that this result is required by our previous decision, by which we are bound, in Rozier v. State, 669 So.2d 353, 353 (Fla. 3d DCA 1996). Rozier specifically holds as follows:

*167 The court reporters involved have certified that the notes from the voir dire portion of the trial are lost and accordingly, no transcript of that part of the trial was prepared. This court appointed the Honorable Gerald J. Klein as Commissioner to inquire into the circumstances. After conducting a hearing, Judge Klein reported that the voir dire transcription notes could not be located and that the voir dire portion of the trial could not be reconstructed. He therefore recommended that a new trial be awarded.
The State argues that a sufficient record for appellate review can be obtained based on the trial minutes of jury selection. In this case peremptory challenges were exercised by both sides. We have carefully considered the State's argument, but conclude that the trial minutes do not contain sufficient detail to allow meaningful appellate review. We agree with the recommendation of Judge Klein, and order a new trial. See Fairell v. State, 662 So.2d 428 (Fla. 3d DCA 1995); Jackson v. State, 308 So.2d 600 (Fla. 3d DCA 1975); see also Delap v. State, 350 So.2d 462 (Fla.1977).
Accord Jones v. State, 780 So.2d 218, 219 (Fla. 2d DCA 2001) (omission of State's closing argument compels a new trial on the ground the defendant was "prejudiced by the incomplete transcript because his appellate attorney is incapable of reviewing the State's closing argument to determine the presence or absence of reversible error. Jones is not represented on appeal by trial counsel. Cf. Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994)(affirming despite omissions in voir dire transcript where defendant was represented on appeal by trial counsel and court determined that assigned errors were harmless as a matter of law). We do not speculate that error occurred, but we have no reconstructed record or stipulation to show that such error did not occur." [e.s.]); Swain v. State, 701 So.2d 675 (Fla. 3d DCA 1997); Blasco v. State, 680 So.2d 1052, 1053 (Fla. 3d DCA 1996)(reversing because of omission of rebuttal testimony from record on ground that "we do not know, and are not capable of knowing, whether any reversible error was committed during" the unreported portion of the trial), review denied, 689 So.2d 1072 (Fla.1997).
However, we believe and certify to the Supreme Court that this result is in direct conflict with the holding in Jones v. State, 870 So.2d 904 (Fla. 4th DCA 2004), review granted, 884 So.2d 22 (Fla.2004), that the omission of portions of the voir dire from the record did not in itself require a new trial and, that, to the contrary, a particularized claim of at least potential error is necessary.[2] At Jones, 870 So.2d at 905, the court said:
Under existing law by which we are bound, defendant has failed to demonstrate that the missing portions of the transcript are necessary for meaningful review of a specific, identifiable issue in his appeal. It is not enough to say that as a result of the omission we do not know whether any error occurred, and therefore a new trial is required. A new trial would be required under Darling-Burgess-Velez only if Jones could point to a specific decision by the trial judge that he would use to show reversible error.
Accord, e.g., Darling v. State, 808 So.2d 145 (Fla.2002), cert. denied, 537 U.S. 848, *168 123 S.Ct. 190, 154 L.Ed.2d 78 (2002); Johnson v. State, 442 So.2d 193 (Fla.1983)(possible omissions in trial transcript do not warrant new trial unless defendant can demonstrate prejudice in presentation of case), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984); Pickens v. Lockhart, 542 F.Supp. 585, 602 (E.D.Ark.1982)(fact that transcript of voir dire was destroyed by fire does not require new trial when "none of the witnesses who testified in the habeas hearing had any specific criticism of the voir dire or recalled anything adverse regarding the manner in which it was conducted"), vacated on other grounds, Pickens v. Lockhart, 714 F.2d 1455 (8th Cir.1983); Primas v. State, 231 Ga.App. 861, 863, 501 S.E.2d 28, 30 (1998)("[A] general unspecified hope of reversible error during voir dire does not win a new trial on the ground that a record should have been made so as to accommodate a search for error now buried in unrecorded history."); State v. Harry, 823 So.2d 987 (La.App.2002), writ denied, 836 So.2d 96, 97 (La.2003). Compare Thomas v. State, 828 So.2d 456 (Fla. 4th DCA 2002)(omission of voir dire required new trial when there was showing that defense had renewed objection to state challenge of juror); McKenzie v. State, 754 So.2d 851 (Fla. 2d DCA 2000)(same when showing that state exercised peremptory challenge of African-American juror and gave pretextual reason for doing so).
Motion for new trial granted, conflict certified.
NOTES
[1] While the defendant argues, for example, that there may have been error in the trial court's treatment of challenges for cause, there is no indication in the recollection of any of the participants in the actual trial even that any such challenges were actually asserted, much less that they were erroneously overruled and the alleged error thereafter preserved for review in the intricate manner required. Trotter v. State, 576 So.2d 691 (Fla.1990). (It seems contrary to human understanding that everyone would have failed to remember a series of such incidents if they had, in fact, occurred.)
[2] The Supreme Court has accepted jurisdiction in Jones v. State, 870 So.2d 904 (Fla. 4th DCA 2004), on the basis of the assertion in the petitioner's brief on jurisdiction that it is in direct (but uncertified) conflict with, inter alia, Rozier, Swain and the Second District's decision in Jones.