937 So.2d 663 (2006)
STATE of Florida, Petitioner,
v.
Osberto Dejesus VARGAS, Respondent.
No. SC05-1125.
Supreme Court of Florida.
August 31, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, and Angel L. Fleming, Assistant Attorney General, Miami, FL, for Petitioner.
Bennett J. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Respondent.
PER CURIAM.
We have for review Vargas v. State, 902 So.2d 166 (Fla. 3d DCA 2004), disapproved by, Jones v. State, 923 So.2d 486 (Fla. 2006), in which the Third District Court of Appeal certified conflict with the decision of the Fourth District Court of Appeal in Jones v. State, 870 So.2d 904 (Fla. 4th DCA 2004), approved, 923 So.2d 486 (Fla. 2006). At the time the Third District issued its decision in Vargas, Jones was pending review in this Court. We have *664 jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The petition for review is granted. On the authority of our decision in Jones v. State, 923 So.2d 486 (Fla.2006), the decision under review is quashed, and this matter is remanded to the Third District Court of Appeal for reconsideration upon application of this Court's decision in Jones.
It is so ordered.
LEWIS, C.J., and WELLS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs in part and dissents in part with an opinion, in which ANSTEAD, J., concurs.
PARIENTE, J., concurring in part and dissenting in part.
I agree with the majority that the Third District Court of Appeal's decision in Vargas v. State, 902 So.2d 166 (Fla. 3d DCA 2004), should be quashed and the case remanded for reconsideration. As I stated in my dissenting opinion in Jones v. State, 923 So.2d 486, 493-94 (Fla.2006), "[t]he standard applied by the Third District could be interpreted as requiring reversal whenever any portion of the trial transcript is missing and cannot be reconstructed regardless of the nature of the omitted proceeding or whether the omitted record is necessary for a complete review."
However, for the same reasons set forth in my opinion in Jones, I would not require that the defendant demonstrate a basis for a claim of prejudicial error. This requirement, adopted by the Jones majority,[1] imposes too great a burden on the defendant to demonstrate that a reversible error occurred when the record has been lost through no fault of the defendant and cannot be reconstructed. "A defendant who has potential grounds for reversal of a criminal conviction should not be penalized when the record of the trial court proceedings is lost in whole or part because of circumstances beyond his or her control." Jones, 923 So.2d at 491 (Pariente, C.J., dissenting). Accordingly, I would remand this case to the Third District to apply the test enunciated in my dissent in Jones, which would "require a new trial if the appellant can point with specificity to potential reversible error and the State cannot establish there is no reasonable possibility error occurred." Id.
ANSTEAD, J., concurs.
NOTES
[1] See 923 So.2d at 489 ("[T]his Court requires that the defendant demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant.").