985 So.2d 1181 (2008)
Jacqueline LOUISIAS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2005.
District Court of Appeal of Florida, Third District.
July 2, 2008.
Nelson A. Rodriguez-Varela, Coral Gables, for appellant.
Bill McCollum, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
On June 29, 2004, after a jury trial, the defendant, Jacqueline Louisias ("Louisias"), *1182 was found guilty of resisting an officer with violence and battery on a law enforcement officer. The trial court withheld adjudication and placed Louisias on eighteen months of reporting probation, which the trial court stayed pending appeal. Louisias timely filed her notice of appeal. Although she has not filed an initial brief nor a statement articulating the grounds upon which she seeks appellate review, Louisias requests a new trial. Having received neither filing, we hereby dismiss Louisias' appeal and deny her request for a new trial.
The circumstances are as follows. Since the filing of the notice of appeal, Louisias has requested and has obtained numerous continuances to file her initial brief and the record on appeal. The delay is due to the court reporter's failure to provide a full transcript of the trial proceedings.[1] In response to a rule to show cause filed by Louisias' appellate counsel, the court reporter filed a certificate in which she avers that her notes and the "disks" of the trial proceedings were "destroyed" in a flood in the court reporter's garage. While the court reporter was able to provide a full transcript of the voir dire proceedings, which took place on June 28, 2004, she claimed that she could not produce the record of the trial testimony presented the following day.
Because Louisias could not obtain a transcript of the trial testimony, she requested that this Court grant her a new trial. On November 21, 2007, this Court temporarily relinquished jurisdiction to allow Louisias to reconstruct the record pursuant to Florida Rule of Appellate Procedure 9.200(b)(4). On November 28, 2007, the trial court entered an order finding that the trial record could not be reconstructed. No transcript of this proceeding has been provided to this Court for review and the trial court's order does not reflect what attempts were made to reconstruct the record.
On December 12, 2007, Louisias petitioned this Court to remand the case to the trial court for a new trial due to counsel's inability to obtain a transcript of the trial testimony or reconstruct the record. This Court denied the petition and instructed Louisias to provide a statement articulating the grounds upon which she was seeking appellate review. Instead of complying with this Court's order, Louisias' appellate counsel filed a motion for reconsideration of Louisias' petition to remand the case to the trial court for a new trial, claiming that because appellate counsel was not involved in Louisias' trial and all attempts to reach Louisias' trial counsel (a disbarred attorney) were unsuccessful, he is unable to determine the grounds for appeal.
The failure to obtain the trial record, even when the failure to do so is through no fault of the defendant, does not, however, require that a new trial be granted. See Jones v. State, 923 So.2d 486, 489 (Fla.2006) (holding that when requesting a new trial on the basis of a missing or lost transcript, the defendant bears the burden of demonstrating that a prejudicial error occurred in the trial court); see also Armstrong v. State, 862 So.2d 705, 721 (Fla.2003) (finding that a new trial was not warranted where the defendant "failed to link a meritorious appellate issue to the allegedly missing record and thus cannot establish that he was prejudiced by its absence"); Darling v. State, 808 So.2d 145, 163 (Fla.2002) (finding unpersuasive Darling's argument that because there were no records of the pretrial hearings that occurred in the case, meaningful review was precluded, requiring *1183 a new trial, and holding that because Darling did not demonstrate what specific prejudice, if any, he incurred because of the missing transcript, the missing transcript was not shown to be necessary for meaningful review); Ferguson v. Singletary, 632 So.2d 53, 58 (Fla.1993) ("As to those portions which are still not transcribed, Ferguson points to no specific error which occurred during these time periods. Under these circumstances, we reject this claim.").
In Jones, the court reporter was unable to produce a transcript of the jury selection proceedings due to a malfunction of her computer and because she was unable to read her notes. As in the instant case, the trial court held a hearing and entered an order finding that the record could not be reconstructed. Jones argued that a new trial must be granted because his appellate counsel was unable to determine if prejudicial error occurred. The Fourth District rejected this argument, citing to the Florida Supreme Court's decision in Darling, and its decisions in Burgess v. State, 766 So.2d 293 (Fla. 4th DCA 2000), and Velez v. State, 645 So.2d 42 (Fla. 4th DCA 1994). In affirming the Fourth District, the Florida Supreme Court noted that Jones had conceded that he did not know if any errors had actually occurred, and acknowledged clear precedent requiring "that the defendant demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant." Jones, 923 So.2d at 489.[2]
In the instant case, when Louisias was unable to provide a transcript of the proceedings, this Court relinquished jurisdiction to allow her to attempt to reconstruct the record. When she was unable to do so, she petitioned this Court to grant her a new trial. This Court denied Louisias' petition and instructed her and appellate counsel to provide this Court with a statement articulating the grounds upon which she claimed error occurred during the trial. In response, appellate counsel stated that he was unable to determine any grounds for appeal without the trial transcript or assistance from Louisias' trial attorney, who could not be reached. Having received no initial brief, transcript of the proceedings, reconstructed record, or claim of a specific error, we deny Louisias' request for reconsideration of her petition for a new trial, and dismiss the appeal.
New trial denied; appeal dismissed.
NOTES
[1] The record contains only a transcript of the jury selection proceedings.
[2] In upholding the Fourth District's decision in Jones, the Florida Supreme Court specifically disapproved of the decision in Vargas v. State, 902 So.2d 166 (Fla. 3d DCA 2004), wherein this Court held that the defendant was entitled to a new trial despite the fact he could not identify what error had occurred.