# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-0171
_____

JAMES R. MURRAY,

      Appellant,

      v.

STATE OF FLORIDA,

      Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley Clark, Jr., Judge.

February 8, 2018


BILBREY, J.

James R. Murray appeals his convictions for arson and burglary of a dwelling raising multiple grounds of unpreserved error and a claim that defense counsel rendered ineffective assistance as demonstrated on the face of the record. We find no fundamental error with regard to the jury instructions, comments of the State during closing argument, or the sufficiency of the evidence to support the elements of the charged offenses. Likewise, we find no deficient performance by defense counsel apparent on the face of the record which might be addressed on direct appeal. *See Morales v. State*, 170 So. 3d 63 (Fla. 1st DCA 2015).

The remaining issue is Appellant's claim that the absence of the jury charge conference from the trial transcript in the appellate record due to a technical failure and through no fault of Appellant entitles him to a new trial. However, Appellant fails to assert or show by any indication in the existing record that he objected to the jury instruction at issue at any time during the trial proceedings and that his right to appellate review is prejudiced by the omission of a transcript of the charge conference. A missing portion of the trial transcript does not require a new trial unless the defendant/appellant can demonstrate the basis for the alleged error, such as a statement of "the grounds upon which she claimed error occurred during the trial." *Louisias v. State*, 985 So. 2d 1181, 1183 (Fla. 3d DCA 2008). As stated in *Jones v. State*, 923 So. 2d 486, 489 (Fla. 2006), "under our precedent, this Court requires that the defendant demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant." Without a "claim of prejudice, specific or otherwise" made or demonstrated "as a consequence of the trial court's actions," the fact that a portion of the transcript of the trial is missing does not mandate reversal. *Perez-Sovias v. State*, 95 So. 3d 327, 332 (Fla. 3d DCA 2012) (holding that appellant not entitled to new trial based on transcript of voir dire, which included portions in Spanish which were not translated).

No motion for new trial appears in this record, and there is no indication that Appellant ever objected or challenged the standard jury instruction for the stealthy entry inference on a burglary charge as given at trial. *See* § 810.07(1), Fla. Stat. (2016); Fla. Std. Jury Instr. (Crim.) 13.1. To the contrary, the available transcript includes defense counsel's agreement to the jury instructions and her agreement that no additional matters needed to be added to the record at the conclusion of the proceedings. Finally, even if Appellant had contested the use of the standard instruction in this case, and thus was able to proceed on appeal under a harmful error standard rather than a fundamental error standard, Appellant does not assert and cannot point to any prejudice to his defense from the use of the instruction. *See Reed v. State*, 208 So. 3d 1231, 1234 (Fla. 1st DCA 2017) (holding the lack of evidence made stealthy-entry instruction erroneous, but harmless error where State and

defense "barely mentioned" the inference of intent in their respective closing arguments).

Accordingly, the judgment and sentence on appeal are AFFIRMED.

ROBERTS and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.