680 So.2d 1096 (1996)
Roger Terrel MORRIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-2175.
District Court of Appeal of Florida, Third District.
October 9, 1996.
Bennett H. Brummer, Public Defender, and Robert Kalter, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Joni Braunstein, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
PER CURIAM.
Roger Terrel Morris (hereinafter "defendant") appeals his conviction for armed robbery *1097 contending that the trial court erred in denying the defendant's request to remove a juror during voir dire with a peremptory challenge. For the following reasons, we reverse.
On March 17th, 1994, two men committed an armed robbery of a grocery store. Shortly thereafter, the police apprehended the defendant and charged him with the armed robbery of the grocery store. The defendant pled not guilty and the case was set for trial. During voir dire, the defendant, an African-American male, attempted to exercise a peremptory challenge against Leon Martin, an African-American juror. The State objected to this peremptory challenge and asked the court to conduct a Neil inquiry.[1]
The trial court agreed and asked the defense for a race-neutral reason for its peremptory challenge. Defense counsel stated that a relative of Martin's wife was a police officer, Martin's house had been burglarized three times, Martin's wife had been a crime victim, and Martin had stated during voir dire that identification evidence alone could be sufficient to convict a defendant. The trial court denied the defendant's request to strike Martin from the jury panel determining that none of the reasons offered by the defendant could be characterized as race-neutral. The jury convicted the defendant of armed robbery and the trial court sentenced him to eighty months in prison.
The trial court erred in denying the defendant's peremptory challenge by finding that none of the reasons offered by the defendant for exercising the peremptory challenge against Martin were race-neutral.[2] The reasons given by the defense attorney for the peremptory challenge of juror Martin were clearly race-neutral and should have been allowed by the judge. See Washington v. State, 653 So.2d 362 (Fla.1994), cert. denied, ___ U.S. ___, 116 S.Ct. 387, 133 L.Ed.2d 309 (1995) (upholding state's peremptory challenge of African-American juror based on opposition to death penalty); Rivera v. State, 670 So.2d 1163 (Fla. 4th DCA 1996) (reversing denial of defendant's peremptory challenge where explanation that juror was deputy clerk employed in jury room at the courthouse who knew the participants and worked in the very system that would be responsible for trying defendant was sufficient gender-neutral reason); Alexander v. State, 643 So.2d 1151 (Fla. 3d DCA 1994) (reversing denial of defendant's peremptory challenge based on inability of juror to follow jury instructions and having police officers as family members); Barnes v. State, 620 So.2d 243 (Fla. 3d DCA 1993) (reversing denial of defendant's peremptory challenge where juror's family members had been victims of a crime); Williams v. State, 619 So.2d 487 (Fla. 1st DCA 1993) (reversing denial of peremptory challenge based on juror having been a victim of a robbery).
The Florida Supreme Court in Melbourne v. State, 679 So.2d 759 (Fla.1996) clearly defined the burden that a party has when seeking to remove a potential juror through a peremptory challenge. Once a party's peremptory challenge of a venireperson becomes the subject of a Neil inquiry, the party seeking to strike the potential juror must offer a race-neutral explanation. Id. at 764-66. The party's justification for the peremptory challenge must be facially race-neutral.[3] The only requirement that the justification must meet is that it be genuine. Id. In clarifying the burden a party has in justifying its peremptory challenge, the Florida Supreme Court stated that "[t]he Florida Constitution does not require that an explanation be nonracial and reasonable, only that it be nonracial. Reasonableness is simply one factor that a court may consider in assessing genuineness." Id. at 764 n. 9 (citation omitted).
*1098 In reviewing the party's proffered justification, the trial court can deny the peremptory challenge if the justification offered is not facially race-neutral. Id. at 764-66. However, if the party's proffered justification is facially race-neutral, the court must sustain the peremptory challenge if after reviewing the circumstances surrounding the challenge the court determines that the justification is not pretextual in nature. Id. In the instant case, the defendant offered several facially race-neutral justifications to support his peremptory challenge. There was nothing in the record that would suggest that the reasons offered for the peremptory challenge were pretextual in nature. Therefore, under the authority of Melbourne, the trial court erred in denying the defendant's peremptory challenge of juror Martin.
Accordingly, the case must be reversed and remanded for a new trial.
Reversed and remanded.
NOTES
[1] See State v. Neil, 457 So.2d 481 (Fla.1984), clarified by, State v. Castillo, 486 So.2d 565 (Fla. 1986), receded from in part, State v. Johans, 613 So.2d 1319 (Fla.1993).
[2] The necessity, if any, for the prosecutor to have given the judge a sufficient basis to conduct a Neil inquiry was waived by virtue of the fact that the defense attorney, as soon as he was asked by the judge, immediately proffered reasons for exercising the peremptory challenge against Martin. See State v. Johans, 613 So.2d 1319 (Fla. 1993).
[3] If the party's explanation is not facially race-neutral, then the court will simply end the Neil inquiry and deny the peremptory challenge. Id. at 764 n. 7.