SHEVIN, Judge.
Sylvester Squire appeals his conviction for armed robbery. Holding that the trial court erred in denying a peremptory challenge of a prospective juror, we reverse.
Squire and codefendants, Roger Morris and Gary Lentz, were charged with armed robbery. The three defendants were tried jointly. During voir dire, codefendant Morris, an African-American, attempted to exercise a peremptory challenge against Leon Martin, an African-American prospective juror. The State objected to the challenge and the court conducted a Neil[1] inquiry. In response to the court’s questioning, Morris’s counsel stated that he was challenging juror Martin on several grounds: Martin’s wife had a relative who was a police officer; Martin’s house had been burglarized three times; Martin’s wife was the victim of a crime; and Martin stated that he believed identification evidence was sufficient to convict. The court incorrectly concluded that these reasons were not race-neutral and denied the peremptory challenge. Martin therefore served on the jury that ultimately convicted defendants of armed robbery.
*926 During jury selection, the defense counsels stipulated that any one counsel would be speaking for the others unless otherwise stated. The trial judge twice confirmed whether defense counsels were adopting each others’ objections stating, “Can I assume as above that everyone is joining in unless someone opts out?” Trial trans. at 42. Later, the judge stated, “Unless somebody opts out. One speaks for all; is that right?” Trial trans. at 49. Neither statement was disputed by defense counsels and the State did not object to this procedure. Moreover, a review of the voir dire transcript demonstrates that challenges to jurors were conducted in this manner: an objection by one defendant would be adopted by all unless a defendant opted out. At the time Morris challenged prospective juror Martin, Squire did not opt out of the objection. Trial trans. at 76. We find that Squire preserved for review the issue of whether the court erred in denying the peremptory challenge of juror Martin. Charles v. State, 565 So.2d 871 (Fla. 4th DCA 1990) (state waiver-of-objection argument rejected where, during voir dire, defense counsel asked if objection by one counsel could be adopted by all defendants and court authorized the procedure). Compare Smith v. State, 574 So.2d 1195, 1196-97 (Fla. 3d DCA 1991) (defendant not afforded relief granted to codefendant because “objection was raised solely by defendant Smith and was not also raised, joined or adopted in any way by [codefendant] Washington”) (emphasis added) (citing Charles), approved sub nom. State v. Washington, 594 So.2d 291 (Fla.1992).
Although Squire did not raise the denial of Morris’s peremptory challenge to Martin as error in his Initial Brief, Squire moved to adopt Morris’s Initial Brief filed in Morris v. State, 680 So.2d 1096 (Fla. 3d DCA 1996). We granted the motion in the interest of fairness and justice,[2] and further granted the State’s motion to adopt the State’s Answer Brief in Morris.[3]
In Morris,[4] this court held that the trial court erred in denying Morris’s peremptory challenge of juror Martin, as the challenge was based on race-neutral reasons. We therefore reversed the Morris conviction and remanded for a new trial.
We also reverse Squire’s conviction for the reasons stated in Morris and remand for a new trial. To hold otherwise would allow a conviction rendered by a flawed jury to stand, and to impose the burden on Squire of also peremptorily challenging Martin, despite the fact that the trial court allowed the defendants to adopt each others’ objections. Sueh a result would fly in the face of basic fairness and is unacceptable.
Reversed and remanded.

. State v. Neil, 457 So.2d 481 (Fla.1984), clarified by State v. Castillo, 486 So.2d 565 (Fla.1986), receded from in part by State v. Johans, 613 So.2d 1319 (Fla.1993).

. Squire v. State, No. 95-2176 (Fla. 3d DCA Clerk’s Order Aug. 22, 1996).

. Id., (Clerk’s Order Sept. 12, 1996).

.This court affirmed codefendant Lentz's conviction in Lentz v. State, 679 So.2d 866 (Fla. 3d DCA 1996), on other grounds. Moreover, Lentz did not assert on appeal the issue raised by Morris and did not move to adopt Morris’s brief.