PER CURIAM.
We are more than inclined to believe that the trial court erroneously permitted the prosecution to exercise a peremptory challenge upon a particular African American juror despite clear evidence that the proffered explanation for the strike was a pretex-tual attempt to disguise its actual, racial, motivation. See Melbourne v. State, 679 So.2d 759 (Fla.1996); State v. Sloppy, 522 So.2d 18 (Fla.1988), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). Nevertheless, we reluctantly affirm solely because the defendant’s objection was not preserved below by appropriate renewal prior to the swearing of the jury as a whole as required by Joiner v. State, 618 So.2d 174 (Fla.1993). See also Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997)(claim that characteristics of peremptorily stricken juror are comparable to similar juror of different race who was not stricken waived for failure to specifically make argument below).
Affirmed.