PER CURIAM.
Jimmy Davis appeals the denial of his motion for postconviction relief. We affirm.
In January 1997 defendant-appellant Davis entered into a plea bargain whereby he was to be sentenced for multiple offenses. At the time of the plea, defendant had appeals pending in two cases that had already been tried. The plea bargain was for sentences which would be totally, or largely, concurrent with the time imposed in the two earlier cases.
In the plea colloquy the following transpired:
COURT: If you win your other appeals, either one of them, we dump this plea. It didn’t happen. And you’re just right where you were with your right to fight all four cases, or it will be five, if you win one of the other appeals.
DEFENDANT: It’s about five.
THE COURT: If you win an appeal, then you have to go to trial on that one again too.
DEFENDANT: Oh.
THE COURT: If you win the appeal, you just don’t get ojf. You still have the trial. Did you know that ?
[DEFENSE COUNSEL]: I have explained that to him.
THE COURT: Now, do you know that? If you win the appeal in either case, then this plea will be declared null. It won’t happen and you’ll be in the same place you are today. You ivon’t have any sentence to do on those cases, but you will have trials. Is that clear to you now?
DEFENDANT: Yes ma’am.
(Emphasis added).
The oral colloquy makes clear that if defendant prevailed on a pending appeal and won a right to a new trial, then defendant could withdraw his plea in the cases now before us and go to trial in those cases as well. However, the sentencing order memorializing the plea stated, incorrectly, that “Defendant may withdraw plea if either of his pending appeal sentences are reversed.”
In April 1997 this court issued its opinion in Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997), which affirmed defendant’s convictions but reversed on a sentencing issue and remanded for resentencing. See id. 1183. Because of this reversal on a sentencing issue defendant argues that he was entitled to withdraw his plea in the cases now before us.
The trial court denied relief, and we conclude that the trial court was correct. The intent was to allow defendant to withdraw the plea if he won a new trial. A reversal on a sentencing issue did not qualify. The statement that defendant could “withdraw plea if either of his pending appeal sentences are reversed” did not accurately reflect the actual agreement. *1240 The oral colloquy is controlling. See Ricks v. State, 725 So.2d 1205 (Fla. 2d DCA 1999), Amador v. State, 713 So.2d 1121, 1122 (Fla. 3d DCA 1998).
Affirmed.