754 So.2d 851 (2000)
Earl McKENZIE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D97-2161.
District Court of Appeal of Florida, Second District.
April 7, 2000.
James Marion Moorman, Public Defender, and Robert D. Rosen, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Earl McKenzie appeals four convictions resulting from his videotaped jury trial of May 6-7, 1997, in DeSoto County, Florida. Mr. McKenzie contends that the trial court erred in failing to sustain his objection to an allegedly racially biased peremptory challenge by the State. Furthermore, he argues that is entitled to a new trial because the transcript of his trial, even after a scientific enhancement of the videotape, is inadequate for effective appellate review of his case. We agree.
During the transcription process, numerous portions of the videotape were found inaudible, so the trial judge and counsel met in an effort to reconstruct the record from memory. When this failed, the parties turned to scientific enhancement of the videotape, and the transcript of the enhanced tape became part of the record on appeal. The result, however, was far from satisfactory: the record is riddled with gaps and "inaudible" notations.
The State agrees with the defendant that the videotape recording procedure used in this trial should not be encouraged and concedes that numerous words were inaudible and that nearly all bench conferences suffered from the same malady. We *852 note that at least eight bench conferences were unrecorded. Included among these were the jury selection conference and others relating to the admissibility of evidence.
The jury selection matter illustrates the impossibility of an adequate appellate review. During voir dire, the State inquired whether any of the prospective jurors or members of their families had experienced drug addiction problems, and it appears from the transcript that several answered affirmatively. Unfortunately, they are not identified by name or juror number. This is critical because Mr. McKenzie alleged that the State improperly exercised a peremptory challenge on the sole African-American member of the jury panel. The gist of Mr. McKenzie's argument was that the reason advanced by the State to sustain its challenge, although appearing race neutral, was pretextual. See Melbourne v. State, 679 So.2d 759 (Fla.1996). The Assistant State Attorney expressed concern that the juror seemed disturbed by the fact that her brother had a drug problem or had been charged with a crime. As to the former rationale, other white jurors had made the same claim and had not been excused; as to the latter, it is not clear from the record that it was this particular juror who stated that her brother had been arrested. The trial court overruled the objection.
The Melbourne decision charged the courts with the duty to insure that race-based peremptory challenges do not render the jury selection process fundamentally unfair. The penalty for such an improper peremptory challenge is a new trial. In this case, however, the incomplete, unreconstructed, and unavailable record has impeded this court from the exercise of this important duty. Compare Rozier v. State, 669 So.2d 353 (Fla. 3d DCA 1996) (holding that trial minutes were not sufficient substitute for transcript of voir dire and could not afford meaningful review when both sides exercised peremptory challenges), with Velez v. State, 645 So.2d 42 (Fla. 4th DCA 1994) (holding that missing portions of transcript of voir dire did not entitle the defendant to a new trial for murder, because the alleged errors in jury selection were harmless as a matter of law). As did the Florida Supreme Court in Delap v. State, 350 So.2d 462, 463 (Fla.1977), we conclude that because a full and accurate transcript of the trial proceedings is unavailable for review and because the omitted portions of the transcript are "necessary to a complete review of this cause," we have "no alternative but to remand for a new trial of the cause."
Accordingly, Mr. McKenzie's convictions are reversed and this case is remanded for a new trial.
GREEN, A.C.J., and SALCINES, J., Concur.