825 So.2d 1027 (2002)
Fred FLEMING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-3160.
District Court of Appeal of Florida, First District.
September 12, 2002.
Nancy A. Daniels, Public Defender, Gary D. Wimsett, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Kenneth D. Pratt, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, J.
Fred Fleming appeals from convictions for trafficking in cocaine and felony fleeing or attempting to elude a police officer. His sole complaint on appeal is that the lower court's acceptance of the state's asserted race-neutral reasons for excluding black jurors was clearly erroneous in that such reasons applied equally to unchallenged, non-black jurors.[1] We agree, and reverse and remand the convictions with directions that a new trial be granted.
During jury selection, the state asked whether anyone on the jury venire had seen cocaine. Ten of the 28 prospective jurors responded affirmatively. Eight of the ten explained that they had seen the substance while in a party environment. Of the remaining two, one answered that she had seen cocaine while watching television, and another said she had seen it while her mother had worked as a clerk at the courthouse. The state then asked whether any of them had ever undergone an experience with drugs that would cause him or her not to be a good juror, and all responded in the negative.
At the conclusion of the voir dire examination, the state moved to strike Mr. Smith, a prospective black juror. Defense counsel objected, requesting a race-neutral *1028 reason, and the state answered that Smith had seen cocaine at a party in Chicago and that no one as yet chosen for the jury had personally seen cocaine. The court overruled the objection, finding the state's explanation to be sufficiently race-neutral.
The state next moved to strike Ms. Orr, a black female. Defense counsel again objected, requesting a race-neutral reason, and the state answered that although Ms. Orr had seen cocaine only while watching television, her sister had been arrested three or four years previously. Defense counsel replied that such was not a valid reason, pointing out that Mr. Calvin, a white male who had been accepted on the jury, had a son who had been arrested nine years earlier. Once again the court overruled the objection.
Finally, the state moved to strike Ms. Hutchinson, another black juror, because she had been arrested two years before her appearance on the jury venire. The court rejected the motion. The jurors thereafter selected were all white, and defense counsel accepted the jury subject to her previous objections during voir dire. She renewed her objections at the outset of trial, making particular reference to the state's strike of Mr. Smith, arguing that the alternate accepted, Ms. Jones, like Mr. Smith, had also seen cocaine. The court again overruled the objections.
In Melbourne v. State, 679 So.2d 759, 764-65 (Fla.1996), the court adopted the following guidelines to be used whenever a race-based objection is made to a peremptory challenge:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Voir dire proceedings are extraordinarily rich in diversity and no rigid set of rules will work in every case. Accordingly, reviewing courts should keep in mind two principles when enforcing the above guidelines. First, peremptories are presumed to be exercised in a nondiscriminatory manner. Second, the trial court's decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.
(Footnotes omitted.)
As both parties acknowledge, the issue in this case turns on the third step, i.e., whether the state's "explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext." Id. at 764. In deciding this issue, the courts have considered the following relevant circumstances: the racial makeup of the venire, prior strikes exercised against the same racial group, a strike based on a reason equally applicable to an unchallenged juror, or the singling out of a juror for special treatment. Id. at 764 n. 8; Rodriguez v. State, 753 So.2d 29, 40 *1029 (Fla.), cert. denied, 531 U.S. 859, 121 S.Ct. 145, 148 L.Ed.2d 96 (2000).
As this court explained in Bowden v. State, 787 So.2d 185, 188 (Fla. 1st DCA 2001), a trial court need not recite any specific words to satisfy the third step in Melbourne. Accordingly, we must conclude that, by overruling the defense's objections, the lower court made an implicit finding that the state's strikes were genuine. Regardless of the court's determination, however, a pretext may nonetheless exist if a prospective juror is struck for a reason equally applicable to an unchallenged juror. See Daniel v. State, 697 So.2d 959, 961 (Fla. 2d DCA 1997).
In the instant case, as in Daniel, the trial court erred in accepting the state's reasons for striking Mr. Smith and Ms. Orr without determining the genuineness of the challenges. In regard to Mr. Smith, the black juror who was challenged on the basis of his having seen cocaine at a party in Chicago, there was no discussion as to why Ms. Jones, the alternative white juror who had seen cocaine as a result of her mother's work, was not struck for the same reason. Additionally, when questioning Mr. Calvin, a white juror who was allowed to serve, regarding his son's arrest, the prosecutor asked him when the arrest occurred and whether it was drug-related. On the other hand, Ms. Orr, a prospective black juror who was peremptorily dismissed, was questioned immediately after Mr. Calvin, and was asked only when her sister had been arrested, but not about the nature of the crime. Although the similarity between the two jurors was argued by defense counsel below, the record contains no discussion whatsoever as to why the situations of these jurors should be considered differently.
As a consequence, considering the absence of any determination of the genuineness of the strikes, the fact that all three African Americans who were eligible for the jury were struck, and that the state still retained one peremptory challenge even though two retained white jurors underwent similar experiences to the black jurors who had been struck, we must conclude that the trial court's rulings on the state's peremptory strikes were clearly erroneous.
REVERSED and REMANDED.
PADOVANO, J., concurs.
WOLF, J., dissents with opinion.
WOLF, J., dissenting.
The majority finds that the trial court's acceptance of the State's race-neutral reasons for excluding certain jurors was in error. I dissent. I cannot say the trial court's decision concerning the genuineness of the prosecutor's explanation was clearly erroneous. See Melbourne v. State, 679 So.2d 759, 764-765 (Fla.1996) (noting trial court's decision will be affirmed unless clearly erroneous). The majority primarily finds the trial court's determination to be erroneous because the challenges to the black jurors were exercised for reasons equally applicable to unchallenged white jurors. I do not find the reasons to be equally applicable, especially as to the jurors who had seen cocaine.
In Bowden v. State, 787 So.2d 185 (Fla. 1st DCA 2001), we restated the applicable law in reviewing a trial court's decision to allow the State to exercise a peremptory challenge when it is asserted that the challenge has been racially motivated. In determining the validity of the trial court's determination, the following rules are applicable:
1) Peremptory challenges are presumed to be exercised in a nondiscriminatory manner. Bowden, 787 So.2d at 188.

*1030 2) The burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination. Id.

3) The court's focus should not be on the reasonableness of the explanation, but rather on the genuineness of the explanation. Id.

4) The question of the genuineness of a peremptory challenge is solely a credibility matter which is exclusively within the purview of the finder of fact. Young v. State, 744 So.2d 1077, 1082-1083 (Fla. 4th DCA 1999).
5) Since the trial court's decision turns primarily on assessment of credibility, it will not be overturned on appeal unless it is clearly erroneous. Bowden, 787 So.2d at 188.
In applying these rules to the facts of the instant case, I believe the trial court should be affirmed.
Mr. Smith, a black prospective juror, was challenged on the basis of having seen cocaine at a party; Ms. Jones, a white prospective juror who was not challenged, had seen cocaine at her mother's job. Mr. Smith's response that he had seen cocaine utilized in a party environment may lead a prosecutor to reasonably infer that the person has a somewhat liberal attitude toward drugs. See Symonette v. State, 778 So.2d 500, 503 (Fla. 3d DCA 2001) (determining that a reasonable inference of a prosecutor could provide a valid reason to overcome a suggestion of pretext). Mr. Smith's direct observation of cocaine being used at a party is vastly different from Ms. Jones' observation of cocaine in connection with her mother's employment as clerk of the court. These situations are clearly not equal.[2]
The distinction between Ms. Orr, a black prospective juror who was stricken, and Mr. Calvin, a white prospective juror who was not stricken, is not as clear. However, as with the Smith challenge, the circumstances are not equal. The reason given for the strike was that Ms. Orr's sister had been arrested three or four years earlier, while the son of Mr. Calvin had been arrested nine years earlier.
The trial court's decision as to genuineness of the challenge is also supported by the fact that the State accepted the jury panel on two occasions with African American jurors. It was only after the defense had exercised peremptory challenges that the State utilized the disputed challenges.
NOTES
[1] Appellant is an African American.
[2] While further questioning of the jurors may have been preferable, the difference in circumstances between the two jurors' experiences are sufficient to cause discomfort on the part of the prosecution in a case involving drugs. See Jeffries v. State, 797 So.2d 573 (Fla.2001) (holding that State's failure to ask follow-up question will not necessarily result in finding discriminatory intent).