940 So.2d 580 (2006)
Willie SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-4193.
District Court of Appeal of Florida, First District.
October 30, 2006.
*581 Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Appellee.
WOLF, J.
Appellant challenges his conviction and sentence for sale of cocaine and possession of cocaine with intent to sell or deliver. Appellant raises one issue: whether the trial court properly allowed the State to exercise peremptory challenges against several African-American prospective jurors in violation of the standards set forth in Melbourne v. State, 679 So.2d 759 (Fla. 1996). Because it appears from the record that the trial court failed to determine the genuineness of one of the State's challenges, we are required to reverse.
During jury selection, the State exercised peremptory challenges as to three of four prospective African-American jurors. The peremptory challenge exercised against Ms. Campbell, an African-American juror, is problematic. When the appellant asked the State for a race-neutral reason challenging Ms. Campbell, the State responded that "her husband is a law enforcement officer," to which the court added, "at Baker Correctional." The appellant argued that the stated reason might give the defense a good reason to move for a peremptory strike, but not the State. The court answered "I will allow the challenge. That is a race-neutral reason. Whether or not we view it favorable for the State or favorable for the Defense, it is a race-neutral reason."
After the jury was picked, the appellant objected to the jury and the pattern of strikes exercised by the State. The appellant considered the pattern of strikes a systematic dismissal of jurors of African-American descent. The State responded by noting that Regina Wood, number 244, was also a black female who was not stricken by the State. The court concluded by saying: "I take each one of these individually, and there has been a race-neutral reason given on each one of them regardless of their race, and the objection *582 is overruled." After selecting the jury, the court dismissed the potential jurors.
The trial judge's continued reference to a race-neutral reason is insufficient to demonstrate that the court exercised its duties pursuant to Melbourne. Melbourne established a three-step process for race-based objections to peremptory challenges. In that case, the Florida Supreme Court stated:
A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. . . .
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court's focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
679 So.2d at 764 (footnotes omitted).
The issue in this case turns on the third step: whether the state's explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not pretext. Id. In deciding this issue, the courts have considered the following relevant circumstances: the racial make-up of the venire, prior strikes exercised against the same racial group, a strike based on a reason equally applicable to an unchallenged juror, or the singling out of a juror for special treatment. Fleming v. State, 825 So.2d 1027, 1028-1029 (Fla. 1st DCA 2002). Further, the trial court's decision on a peremptory challenge turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous. Rodriguez v. State, 753 So.2d 29, 41 (Fla.2000). Thus, in this case, the appellant has the burden of showing the trial court "clearly erred" in accepting the peremptory strike. See Melbourne, 679 So.2d at 764.
There are no specific words which the court must state to satisfy step three of the Melbourne analysis. Bowden v. State, 787 So.2d 185, 188 (Fla. 1st DCA 2001). In Fleming, this court concluded that by overruling the defense's objections, the lower court made an implicit finding that the state's strikes were genuine. Fleming, 825 So.2d at 1029. Similarly, in Bowden, this court looked to the stipulated record which stated "the trial court judge indicated he did not believe the strike was racially motivated." Bowden, 787 So.2d at 188. In Bowden, this statement indicated the trial court reached step three of the Melbourne analysis and determined the strike was genuine. Id.
Unlike Fleming and Bowden, however, the record does not indicate the trial court reached step three of the Melbourne analysis. When the defense challenged the prosecution's given reason to strike Ms. Campbell, the court merely stated "I will allow the challenge. That is a race-neutral reason. Whether or not we view it favorable for the State or favorable for the Defense, it is a race-neutral reason." By focusing merely on the fact the State offered a seemingly race-neutral reason, and accepting that the prosecution's reason for the strike may be solely for the benefit of the defense, it appears that the trial court *583 bypassed the genuineness inquiry required in the Melbourne analysis.
When appellant raised his objection at the time of the swearing of the jury, the court also solely focused on the race-neutral reasons given by the prosecutor rather than the genuineness. There is no indication genuineness was considered.
This problem is exacerbated by the fact that the State's reason for removing Ms. Campbell raises a question of genuineness by its very nature. The fact that Ms. Campbell's husband was a law enforcement officer would appear to favor the State. While the reason was race-neutral on its face, it would appear to require further inquiry if the court was attempting to ascertain its genuineness.
Being unable to satisfy ourselves on this record that the trial court satisfied step three as outlined in Melbourne, 679 So.2d at 764, we are required to reverse and remand for a new trial. See Jones v. State, 787 So.2d 154 (Fla. 4th DCA 2001).
PADOVANO and THOMAS, JJ., concur.