THOMAS, J.
 

 Appellant seeks review of his convictions and sentences for sexual battery and lewd and lascivious molestation on a child 12 years of age or older but less than
 
 *1243
 
 16 years of age. Appellant alleges that the trial court erred in allowing the State’s peremptory strikes of four prospective male jurors. In addition, Appellant argues that the trial court reversibly erred in admitting the victim’s prior testimony, as it constituted improper prior consistent statements. Finally, Appellant argues that the trial court erred in admitting testimony by a law enforcement investigator that he did not arrest every person accused of a sex offense.
 

 We agree with Appellant on all three issues and reverse and remand for a new trial. We write only to address the jury selection issue, which moots the other evi-dentiary issues. We reject without comment Appellant’s argument regarding closing argument.
 

 Appellant was charged with two counts of sexual battery by use or force not likely to cause serious personal injury (counts I and II), two counts of lewd or lascivious molestation on a child 12 years of age or older but under 16 years of age (counts III and IV), and one count of lewd or lascivious molestation of a child under 12 years of age (count V). Count V was severed from counts I-IV for the purposes of trial.
 

 A jury was selected for trial as to counts I-IV. Of the twenty-one prospective jurors, six were male and fifteen were female. Originally, three men were picked for the jury, including Jurors McCall and Walstedt. The State utilized backstrikes on the three men, however, and the defense sought gender-neutral reasons for the strikes. The State offered that Wal-stedt was struck because he did not contribute to voir dire, and McCall was struck because the prosecutor was concerned that he was a student, was not working, had worked with kids “giving advice or something,” and the State did not feel comfortable with him. The trial court accepted the State’s reasons as gender-neutral.
 

 Florida follows a three-step procedure when one party objects to another’s use of a peremptory challenge on the basis of gender.
 
 See Melbourne v. State,
 
 679 So.2d 759 (Fla.1996);
 
 Welch v. State,
 
 992 So.2d 206 (Fla.2008). First, the objecting party must make a timely objection, requesting that the striking party provide its reason for the strike.
 
 Melbourne,
 
 679 So.2d at 764. The defense made such objections here. Second, the burden shifts to the proponent of the strike to present a “gender-neutral explanation” for striking the disputed juror.
 
 Id.
 
 Here, the State responded with facially gender-neutral explanations for the use of the strikes. Third, the court must determine, given all the attendant circumstances, whether the proffered explanation is pretext for a discriminatory motive.
 
 Id.
 

 In
 
 Melbourne,
 
 the Florida Supreme Court provides the following guidance for this last inquiry:
 

 The court’s focus in step 3 is not on the reasonableness of the explanation but rather its genuineness.... Accordingly, reviewing courts should keep in mind two principles when enforcing the above guidelines. First, peremptories are presumed to be exercised in a non-discriminatory manner. Second, the trial court’s decision turns primarily on an assessment of credibility and will be affirmed on appeal unless clearly erroneous.
 

 Id.
 
 at 764-65 (footnotes omitted).
 

 The trial court properly proceeded to step three, which considers whether the proffered explanation is genuine or a pretext. In allowing the strikes, however, the trial court did not make express rulings explaining why it found that the State’s reasons for striking the prospective jurors were genuine. Instead, with respect to the strikes of McCall and Walstedt, the
 
 *1244
 
 court stated, “I’ll accept the State’s gender — reasons for gender-neutral selection.”
 

 Implicit in its allowance of peremptory strikes are findings that the explanations were genuine.
 
 See Fleming v. State,
 
 825 So.2d 1027, 1029 (Fla. 1st DCA 2002) (stating that “we must conclude that, by overruling the defense’s objections, the lower court made an implicit finding that the state’s strikes were genuine.”);
 
 Bowden v. State,
 
 787 So.2d 185, 188 (Fla. 1st DCA 2001). In
 
 Simmons v. State,
 
 940 So.2d 580 (Fla. 1st DCA 2006), however, this court held that the record did not indicate that the trial court reached the third step in the
 
 Melbourne
 
 analysis because when the defense challenged the prosecution’s reason for striking a potential juror, the trial court stated, “I will allow the challenge. That is a race-neutral reason. Whether or not we view it favorable for the State or favorable for the Defense, it is a race-neutral reason.”
 
 Simmons,
 
 940 So.2d at 582. This court continued, “By focusing merely on the fact the State offered a seemingly race-neutral reason, and accepting that the prosecution’s reason for the strike may be solely for the benefit of the defense, it appears that the trial court bypassed the genuineness inquiry required in the
 
 Melbourne
 
 analysis.”
 
 Id.
 
 at 582-83.
 

 Like
 
 Simmons,
 
 the court below bypassed the third step in the
 
 Melbourne
 
 analysis and focused solely on the fact that the State’s reasons behind its peremptory strikes were gender-neutral. It did not make a finding, implicit or otherwise, that the gender-neutral reasons were genuine.
 

 Accordingly, because the record does not indicate that the trial court engaged in the required third step of the
 
 Melbourne
 
 analysis, we are required to reverse and remand for a new trial.
 
 See Simmons,
 
 940 So.2d at 583 (citing
 
 Jones v. State,
 
 787 So.2d 154 (Fla. 4th DCA 2001)).
 

 REVERSED and REMANDED.
 

 HAWKES, C.J., and BENTON, J., concur.