CLARK, J.
The appellant challenges convictions resulting from a jury verdict, after the trial court would not allow the appellant to peremptorily strike a potential juror. During jury selection when the appellant sought to use the peremptory strike, the state invoked the procedures outlined in Melbourne v. State, 679 So.2d 759 (Fla.1996), by asking for a race-neutral reason. The appellant offered two such reasons. During the ensuing discussion the trial court did not consider whether the explanation given was genuine. Instead, the trial court indicated that it did not know *1190 why one of the proffered reasons would be a “cause challenge.” The court subsequently found that reason to be “not sufficient,” and the other proffered reason to be “insufficient,” and then disallowed the peremptory strike “based on those grounds.”
In order to comport with the requirements of Melbourne, the trial court should have assessed the genuineness of the appellant’s proffered reasons, and if the race-neutral reasons were genuine and not pre-textual, the court then should have allowed the peremptory strike regardless of whether there was any basis to challenge the juror for cause. Hayes v. State, 94 So.3d 452, 2012 WL 1123745 (Fla. 2012); Simmons v. State, 940 So.2d 580, (Fla. 1st DCA 2006). Because this potential juror was seated on the jury for the trial and the appellant preserved the issue by objecting before the jury was sworn, the appellant’s convictions must be reversed upon the trial court’s failure to fully comply with Melbourne.
The convictions are reversed, and the case is remanded.
ROBERTS and SWANSON, JJ„ concur.