PER CURIAM.
Affirmed. See Melbourne v. State, 679 So.2d 759, 764 (Fla. 1996) (holding, inter alia, that peremptory challenges are presumed to be exercised in a nondiscriminatory manner, and that the focus of the inquiry "is not upon the reasonableness of the asserted nonracial motive ... but rather the genuineness of the motive ... a finding which turns primarily on an assessment of credibility") (additional citations omitted); Alonzo v. State, 46 So.3d 1081, 1084 n.2 (Fla. 3d DCA 2010) (holding that pretext may be established where a prospective juror is struck for a reason equally applicable to an unchallenged juror; where the alleged disparate treatment of jurors is based on racial grounds and "the record fails to identify the respective race of the challenged and unchallenged jurors, the appellate court cannot determine if pretext exists") (citing Davis v. State, 691 So.2d 1180 (Fla. 3d DCA 1997) ).